CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 2 3 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BRETT W. OSBORN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:07CV00016 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| AVERY T. SALTER, et al., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendants. ) | |

Brett W. Osborn, proceeding pro se, filed this civil action against Avery T. and Virginia Salter, alleging that the defendants initiated a harassing telephone call, in violation of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 223. The case is presently before the court on the Salters' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant the Salters' motion.[1]

## Background

Osborn, a resident of Winchester, Virginia, alleges that on July 15, 2006, a man named Jerry Krieger called him from Georgia and left a message offering him a job. When Osborn returned the telephone call, he learned that Krieger had made the call from a telephone belonging to the Salters. Osborn later learned that Avery Salter had been hired to represent Osborn's ex-wife during the couple's ongoing divorce proceedings. Osborn alleges that he had already provided appropriate documentation regarding his employment status at the time of the call, and that the Salters solicited and permitted Krieger to use their telephone to harass and annoy him, in violation of 47 U.S.C. § 223.

---

[1] The Salters also filed a motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure, arguing that venue is improper. However, having concluded that Osborn's complaint is subject to dismissal under Rule 12(b)(6), the Salters' alternative motion will be dismissed as moot.

The Salters filed the instant motion to dismiss on March 21, 2007. That same day, the court issued a Roseboro[2] notice directing Osborn to file a response to the motion within twenty days. As of this date, Osborn has not responded to the Salters' motion. Since the twenty-day period has now expired, the motion is ripe for review.

## **Standard of Review**

In deciding whether to grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." E. Shore Mkt., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. Id. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## **Discussion**

In this case, Osborn's sole claim is that the Salters violated the CDA, 47 U.S.C. § 223, by initiating a harassing telephone call. However, "the CDA is a criminal statute." Reno v. ACLU, 521 U.S. 844, 872 (1997). It imposes criminal penalties of fines and imprisonment for obscene or harassing telephone calls occurring in interstate communications. 47 U.S.C. § 223. Consequently, the authority to enforce the CDA lies with government authorities and not with private citizens. Viola v. A&E Television Networks, 433 F. Supp. 2d 613, 618 (W.D. Pa. 2006). Stated differently, private citizens, like Osborn, have no private right of action under the CDA.

---

[2]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

2

See Wilson v. Jones, 2006 U.S. Dist. LEXIS 34873, *3 (E.D. Mo. May 30, 2006) ("there is no private cause of action under 47 U.S.C. § 223"); Jensen v. Shrively, 2003 U.S. Dist. LEXIS 3112, *3 (N.D. Cal. Feb. 26, 2003) (holding that the plaintiffs could not bring suit under § 223, since the statute "provides for criminal penalties but does not provide a private right of action"); Moore v. Principal Credit Corp., 1998 U.S. Dist. LEXIS 6917, *3 (N.D. Miss. March 31, 1998) ("no private cause of action [under § 223] is available"). Thus, Osborn has failed to state a claim upon which relief may be granted, and the court will grant the Salters' motion to dismiss.

The Clerk is directed to send certified copies of this memorandum opinion to the plaintiff and counsel of record for the defendants.

**ENTER**: This 21st day of April, 2007.

_____
United States District Judge

3